**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NEARBY SYSTEMS LLC,<br><br>               Plaintiff,<br><br>v.<br><br>SMOOTHIE KING FRANCHISES, INC.,<br><br>               Defendant. | Civil Action No. 2:25-CV-00227-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**ANSWER AND COUNTERCLAIMS OF SMOOTHIE KING FRANCHISES, INC. TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Smoothie King Franchises, Inc. ("Smoothie King" or "Defendant"), by and through its undersigned attorneys, hereby submits its Answer and Affirmative Defenses to the Complaint and Counterclaims against Nearby Systems LLC ("Nearby" or "Plaintiff") as follows. Smoothie King denies the allegations and characterizations in the Complaint, unless expressly admitted in the following paragraphs.

**NATURE OF ACTION**

1.      Smoothie King admits that Plaintiff purports to bring an action for infringement of U.S. Patent Nos. 9,532,164 ("the '164 Patent"); 10,469,980 ("the '980 Patent"); 11,937,145 ("the '145 Patent"); and 12,185,177 ("the '177 Patent") (collectively, the "Asserted Patents") and that each are titled "Mashing Map Content Displayed on Mobile Devices."

2.      Smoothie King admits that Plaintiff purports to seek injunctive and monetary relief.

**PARTIES**

3.      Smoothie King lacks sufficient information to admit or deny the allegations of paragraph 3 and on that basis denies these allegations.

4.      Smoothie King admits the allegations in paragraph 4.

5.      Smoothie King admits the allegations in paragraph 5.

6.      Smoothie King admits the allegations in paragraph 6.

7.      Smoothie King admits that it maintains its business in Texas.  Smoothie King admits that some of its franchisees maintain businesses in this District.  Smoothie King denies it has committed or is committing acts of infringement and denies all remaining allegations and/or legal conclusions in paragraph 7.

## JURISDICTION

8.      Smoothie King repeats and realleges the allegations in the paragraphs above as though fully set forth in their entirety.

9.      Smoothie King admits that Plaintiff purports to bring an action for patent infringement.  Smoothie King admits that this Court has subject matter jurisdiction over this action. Smoothie King denies any and all other allegations and/or legal conclusions in paragraph 9.

10.     Smoothie King denies the allegations and/or legal conclusions in paragraph 10.

11.     Smoothie King denies the allegations and/or legal conclusions in paragraph 11.

12.     Smoothie King denies the allegations and/or legal conclusions in paragraph 12.

13.     Smoothie King denies the allegations and/or legal conclusions in paragraph 13.

14.     Smoothie King denies the allegations and/or legal conclusions in paragraph 14.

## THE ACCUSED PRODUCTS

15.     Smoothie King repeats and realleges the allegations in the paragraphs above as though fully set forth in their entirety.

16.     Smoothie King admits that a Smoothie King website can be accessed at https://www.smoothieking.com/.  Smoothie King denies any and all other allegations and/or legal conclusions in paragraph 16.

17. Smoothie King admits that it provides a mobile application for download through smartphone app providers. Smoothie King denies any and all other allegations and/or legal conclusions in paragraph 17.

18. Smoothie King admits that it provides a mobile application. Smoothie King denies any and all other allegations and/or legal conclusions in paragraph 18.

19. Smoothie King admits that the language "To find one of our many stores nationwide, simply enter your zip code." appears on a webpage accessible via https://www.smoothieking.com/. Smoothie King denies any and all other allegations and/or legal conclusions in paragraph 19.

## RESPONSE TO COUNT I:

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,532,164

20. Smoothie King incorporates by reference its responses to the paragraphs above as if fully set forth herein.

21. Smoothie King admits that the '164 Patent on its face has an issue date of December 27, 2016. Smoothie King denies any and all other allegations and/or legal conclusions in paragraph 21.

22. Smoothie King denies the allegations and/or legal conclusions in paragraph 22.

23. Smoothie King denies the allegations and/or legal conclusions in paragraph 23.

24. Smoothie King lacks sufficient information to admit or deny the allegations in paragraph 24 and on that basis denies them.

25. Smoothie King denies the allegations and/or legal conclusions in paragraph 25.

26. Smoothie King denies the allegations and/or legal conclusions in paragraph 26.

27. Smoothie King denies the allegations and/or legal conclusions in paragraph 27.

28. Smoothie King denies the allegations and/or legal conclusions in paragraph 28.

29.     Smoothie King denies the allegations and/or legal conclusions in paragraph 29.

30.     Smoothie King denies the allegations and/or legal conclusions in paragraph 30.

31.     Smoothie King admits that it has knowledge of the Asserted Patents as of the date Smoothie King was served with the Complaint. Smoothie King denies any and all other allegations and/or legal conclusions in paragraph 31.

32.     Smoothie King denies the allegations and/or legal conclusions in paragraph 32.

33.     Smoothie King denies the allegations and/or legal conclusions in paragraph 33.

34.     Smoothie King denies the allegations and/or legal conclusions in paragraph 34.

35.     Smoothie King denies the allegations and/or legal conclusions in paragraph 35.

36.     Smoothie King denies the allegations and/or legal conclusions in paragraph 36.

## RESPONSE TO COUNT II:

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,469,980

37.     Smoothie King incorporates by reference its responses to the paragraphs above as if fully set forth herein.

38.     Smoothie King admits that the '980 Patent on its face has an issue date of November 5, 2019. Smoothie King denies any and all other allegations and/or legal conclusions in paragraph 38.

39.     Smoothie King denies the allegations and/or legal conclusions in paragraph 39.

40.     Smoothie King denies the allegations and/or legal conclusions in paragraph 40.

41.     Smoothie King lacks sufficient information to admit or deny the allegations in paragraph 41 and on that basis denies them.

42.     Smoothie King denies the allegations and/or legal conclusions in paragraph 42.

43.     Smoothie King denies the allegations and/or legal conclusions in paragraph 43.

44.     Smoothie King denies the allegations and/or legal conclusions in paragraph 44.

45. Smoothie King denies the allegations and/or legal conclusions in paragraph 45.

46. Smoothie King denies the allegations and/or legal conclusions in paragraph 46.

47. Smoothie King denies the allegations and/or legal conclusions in paragraph 47.

48. Smoothie King admits that it has knowledge of the Asserted Patents as of the date Smoothie King was served with the Complaint. Smoothie King denies any and all other allegations and/or legal conclusions in paragraph 48.

49. Smoothie King denies the allegations and/or legal conclusions in paragraph 49.

50. Smoothie King denies the allegations and/or legal conclusions in paragraph 50.

51. Smoothie King denies the allegations and/or legal conclusions in paragraph 51.

52. Smoothie King denies the allegations and/or legal conclusions in paragraph 52.

53. Smoothie King denies the allegations and/or legal conclusions in paragraph 53.

**RESPONSE TO COUNT III:**

**[ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 11,937,145**

54. Smoothie King incorporates by reference its responses to the paragraphs above as if fully set forth herein.

55. Smoothie King admits that the '145 Patent on its face has an issue date of March 19, 2024. Smoothie King denies any and all other allegations and/or legal conclusions in paragraph 55.

56. Smoothie King denies the allegations and/or legal conclusions in paragraph 56.

57. Smoothie King denies the allegations and/or legal conclusions in paragraph 57.

58. Smoothie King lacks sufficient information to admit or deny the allegations in paragraph 58 and on that basis denies them.

59. Smoothie King denies the allegations and/or legal conclusions in paragraph 59.

60. Smoothie King denies the allegations and/or legal conclusions in paragraph 60.

61.     Smoothie King denies the allegations and/or legal conclusions in paragraph 61.

62.     Smoothie King denies the allegations and/or legal conclusions in paragraph 62.

63.     Smoothie King denies the allegations and/or legal conclusions in paragraph 63.

64.     Smoothie King denies the allegations and/or legal conclusions in paragraph 64.

65.     Smoothie King admits that it has knowledge of the Asserted Patents as of the date Smoothie King was served with the Complaint. Smoothie King denies any and all other allegations and/or legal conclusions in paragraph 65.

66.     Smoothie King denies the allegations and/or legal conclusions in paragraph 66.

67.     Smoothie King denies the allegations and/or legal conclusions in paragraph 67.

68.     Smoothie King denies the allegations and/or legal conclusions in paragraph 68.

69.     Smoothie King denies the allegations and/or legal conclusions in paragraph 69.

70.     Smoothie King denies the allegations and/or legal conclusions in paragraph 70.

## RESPONSE TO COUNT IV:

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 12,185,177

71.     Smoothie King incorporates by reference its responses to the paragraphs above as if fully set forth herein.

72.     Smoothie King admits that the '177 Patent on its face has an issue date of December 31, 2024. Smoothie King denies any and all other allegations and/or legal conclusions in paragraph 72.

73.     Smoothie King denies the allegations and/or legal conclusions in paragraph 73.

74.     Smoothie King denies the allegations and/or legal conclusions in paragraph 74.

75.     Smoothie King lacks sufficient information to admit or deny the allegations in paragraph 75 and on that basis denies them.

76.     Smoothie King denies the allegations and/or legal conclusions in paragraph 76.

77.     Smoothie King denies the allegations and/or legal conclusions in paragraph 77.

78.     Smoothie King denies the allegations and/or legal conclusions in paragraph 78.

79.     Smoothie King denies the allegations and/or legal conclusions in paragraph 79.

80.     Smoothie King denies the allegations and/or legal conclusions in paragraph 80.

81.     Smoothie King denies the allegations and/or legal conclusions in paragraph 81.

82.     Smoothie King admits that it has knowledge of the Asserted Patents as of the date Smoothie King was served with the Complaint. Smoothie King denies any and all other allegations and/or legal conclusions in paragraph 82.

83.     Smoothie King denies the allegations and/or legal conclusions in paragraph 83.

84.     Smoothie King denies the allegations and/or legal conclusions in paragraph 84.

85.     Smoothie King denies the allegations and/or legal conclusions in paragraph 85.

86.     Smoothie King denies the allegations and/or legal conclusions in paragraph 86.

87.     Smoothie King denies the allegations and/or legal conclusions in paragraph 87.

## JURY DEMAND

88.     Plaintiff recites a common demand for a jury trial which does not warrant a response from Smoothie King. To the extent a response is required, Smoothie King also demands a jury on all issues triable to a jury.

## PRAYER FOR RELIEF

Having responded to the allegations in the Complaint as set forth above, Smoothie King denies that Nearby is entitled to any relief requested in its Prayer for Relief. To the extent that Nearby's Prayer contains any factual or legal allegations, Smoothie King denies them.

## AFFIRMATIVE DEFENSES

Without assuming any burden not imposed by law, Smoothie King states the following defenses to Plaintiff's Complaint. Smoothie King reserves the right to assert different and

additional legal or equitable defenses that may now exist or may become available based on discovery and further investigation in the case.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted against Smoothie King, at least because the Complaint fails to plausibly plead that Smoothie King infringes any valid, enforceable claim of the Asserted Patents.

**SECOND AFFIRMATIVE DEFENSE**
**(Non-Infringement)**

2.    Smoothie King does not infringe and has not infringed any valid and enforceable claim of the Asserted Patents, whether directly, indirectly, or vicariously, literally or under the doctrine of equivalents.

**THIRD AFFIRMATIVE DEFENSE**
**(Invalidity)**

3.    The claims of the Asserted Patents are each invalid for failure to satisfy the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to §§ 101, 102, 103, and 112.

**FOURTH AFFIRMATIVE DEFENSE**
**(Patent Misuse)**

4.    The Asserted Patents are each unenforceable for patent misuse, based on, but not limited to, Plaintiff's continuing unlawful attempts to enforce the Asserted Patents, which Plaintiff knows or should know are invalid or unenforceable over the prior art and/or not infringed by Smoothie King thereby exceeding the scope of its patent rights.

## FIFTH AFFIRMATIVE DEFENSE
### (No Enhanced Damages or Attorneys' Fees)

5.　　Plaintiff has not shown that it is entitled to enhanced damages under 35 U.S.C. § 284 because it has not shown that any alleged infringement is willful. Plaintiff has also failed to show that this is an exceptional case in favor of Plaintiff under 35 U.S.C. § 285.

## SIXTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

6.　　Plaintiff's claims for damages as to all Asserted Patents are barred, in whole or in part by, 35 U.S.C. § 286.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

7.　　Plaintiff's claims for damages as to all Asserted Patents are barred, in whole or in part by, 35 U.S.C. § 287.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Willfulness)

8.　　In the event that Smoothie King is found to infringe any valid, enforceable claim of the Asserted Patents, such infringement is not and has not been willful.

## NINTH AFFIRMATIVE DEFENSE
### (No Entitlement to Injunctive Relief)

9.　　Plaintiff is not entitled to injunctive relief. Plaintiff will be unable to establish that (1) it has suffered any injury, let alone an irreparable injury; (2) remedies available at law, such as monetary damages, would be inadequate to compensate for any alleged injury; (3) the balance of hardships between Plaintiff and Defendant tips in their favor such that a remedy in equity is warranted; and (4) that the public interest would be served by a permanent injunction.

**TENTH AFFIRMATIVE DEFENSE**
**(Waiver Or Estoppel)**

10.     Plaintiff's attempted enforcement of the Asserted Patents against Smoothie King is barred by one or more of the equitable doctrines of waiver or estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel)**

11.     Plaintiff's requested relief is barred, in whole or in part, by the doctrine of estoppel, including, but not limited to, the doctrine of prosecution history estoppel arising from the patentee's actions, representations, or conduct before the PTO during prosecution of the Asserted Patents.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Miscellaneous Reservation of Rights)**

12.     Smoothie King specifically reserves the right to assert each and every other defense that may become evident in the course of discovery.

**COUNTERCLAIMS**

13.     Defendant and Counterclaimant Smoothie King Financial Corporation ("Smoothie King"), by and through their undersigned attorneys, bring this action against Nearby Systems LLC ("Nearby") and allege as follows:

**THE PARTIES**

14.     Smoothie King is a Texas corporation with a corporate office at 9797 Rombauer Road, Suite 150, Coppell, TX 75019.

15.     On information and belief, Nearby is a Texas limited liability company with its registered office address located in Austin, Texas.

**JURISDICTION AND VENUE**

16.     This Court has personal jurisdiction over Nearby pursuant to 28 U.S.C. § 1338(a), and because Nearby has voluntarily submitted to this Court's jurisdiction in this action.

17.     This Court has subject matter jurisdiction over these claims pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  An actual controversy exists between Smoothie King and Nearby regarding the non-infringement, invalidity, unenforceability of the Asserted Patents, based upon the allegations asserted against Smoothie King in this action.

18.     This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)-(c) and 28 U.S.C. § 1400(b), and because Nearby has voluntarily submitted to this Court's jurisdiction in this action.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,532,164)

1.     Smoothie King realleges and incorporates by reference the allegations set forth in the foregoing paragraphs of its Counterclaims.

2.     An actual controversy exists between Smoothie King and Nearby regarding the alleged infringement of U.S. Patent No. 9,532,164 (the "'164 Patent").

3.     Smoothie King does not infringe and has not infringed any valid or enforceable claim of the '164 Patent, directly, contributorily, or by inducement pursuant to 35 U.S.C. § 271.

4.     Smoothie King does not infringe and has not infringed the '164 Patent literally or under the doctrine of equivalents.

5.     The case is exceptional under 35 U.S.C. § 285.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,469,980)

6.     Smoothie King realleges and incorporates by reference the allegations set forth in the foregoing paragraphs of its Counterclaims.

7.     An actual controversy exists between Smoothie King and Nearby regarding the alleged infringement of U.S. Patent No. 10,469,980 (the "'980 Patent").

8.     Smoothie King does not infringe and has not infringed any valid or enforceable claim of the '980 Patent, directly, contributorily, or by inducement pursuant to 35 U.S.C. § 271.

9.     Smoothie King does not infringe and has not infringed the '980 Patent literally or under the doctrine of equivalents.

10.     The case is exceptional under 35 U.S.C. § 285.

**THIRD COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,937,145)**

11.     Smoothie King realleges and incorporates by reference the allegations set forth in the foregoing paragraphs of its Counterclaims.

12.     An actual controversy exists between Smoothie King and Nearby regarding the alleged infringement of U.S. Patent No. 11, 937,145 (the "'145 Patent").

13.     Smoothie King does not infringe and has not infringed any valid or enforceable claim of the '145 Patent, directly, contributorily, or by inducement pursuant to 35 U.S.C. § 271.

14.     Smoothie King does not infringe and has not infringed the '145 Patent literally or under the doctrine of equivalents.

15.     The case is exceptional under 35 U.S.C. § 285.

**FOURTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,185,177)**

16.     Smoothie King realleges and incorporates by reference the allegations set forth in the foregoing paragraphs of its Counterclaims.

17.     An actual controversy exists between Smoothie King and Nearby regarding the alleged infringement of U.S. Patent No. 12,185,177 (the "'177 Patent").

18.     Smoothie King does not infringe and has not infringed any valid or enforceable claim of the '177 Patent, directly, contributorily, or by inducement pursuant to 35 U.S.C. § 271.

19. Smoothie King does not infringe and has not infringed the '177 Patent literally or under the doctrine of equivalents.

20. The case is exceptional under 35 U.S.C. § 285.

## FIFTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 9,532,164)

21. Smoothie King realleges and incorporates by reference the allegations set forth in the foregoing paragraphs of its Counterclaims.

22. An actual controversy exists between Smoothie King and Nearby regarding the alleged validity of the '164 Patent.

23. The claims of the '164 Patent are invalid and void for failure to meet the statutory conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

24. The case is exceptional under 35 U.S.C. § 285.

## SIXTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 10,469,980)

25. Smoothie King realleges and incorporates by reference the allegations set forth in the foregoing paragraphs of its Counterclaims.

26. An actual controversy exists between Smoothie King and Nearby regarding the alleged validity of the '980 Patent.

27. The claims of the '980 Patent are invalid and void for failure to meet the statutory conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

28. The case is exceptional under 35 U.S.C. § 285.

## SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 11,937,145)

29. Smoothie King realleges and incorporates by reference the allegations set forth in the foregoing paragraphs of its Counterclaims.

30. An actual controversy exists between Smoothie King and Nearby regarding the alleged validity of the '145 Patent.

31. The claims of the '145 Patent are invalid and void for failure to meet the statutory conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

32. The case is exceptional under 35 U.S.C. § 285.

**EIGHTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 12,185,177)**

33. Smoothie King realleges and incorporates by reference the allegations set forth in the foregoing paragraphs of its Counterclaims.

34. An actual controversy exists between Smoothie King and Nearby regarding the alleged validity of the '177 Patent.

35. The claims of the '177 Patent are invalid and void for failure to meet the statutory conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

36. The case is exceptional under 35 U.S.C. § 285.

**NINTH COUNTERCLAIM**
**(Declaratory Judgment of Patent Misuse)**

37. Smoothie King realleges and incorporates by reference the allegations set forth in the foregoing paragraphs of its Counterclaims

38. Nearby has asserted that Smoothie King is infringing the '164, '980, '145, and '177 Patents (collectively, the "Asserted Patents").

39. Nearby has identified the "Smoothie King Mobile Application"—a software application that enables an entity's customers to conduct banking activities, as the infringing product.

40. Smoothie King denies that it infringes any valid claim of the Asserted Patents.

41. Smoothie King denies that the Smoothie King Mobile Application infringes any valid claim of the Asserted Patents.

42.     The '164 Patent is directed to a system for displaying location-based content on a digital map displayed on a mobile device.  The claims require both hardware and software of a mobile device, such as a smartphone.

43.     For example, claim 1 of the '164 Patent recites: "A system for displaying location-based content on a digital map displayed on a mobile device."  '164 Patent, cl. 1.  The system of claim 1 comprises both hardware and software for performing or configured to perform certain functionalities:

   (a)     a storage device of a mobile device storing a first non-browser application and a second non-browser application;

   (b)     a processor of the mobile device executing the first non-browser application and the second non-browser application;

   (c)     a user interface of the first non-browser application configured for the mobile device;

   (d)     a mapping component of the first non-browser application configured to invoke the second non-browser application on the mobile device when map-able content displayed on the user interface is activated to display a map of the map-able content,

   (e)     wherein the second non-browser application is a mapping application,

   (f)     wherein the mapping component transmits the map-able content to an online mapping service configured to communicate with the second non-browser application.

*Id.*

44.     Similarly, the '980 Patent claims a system that requires both hardware and software of a mobile device.

45.     For example, claim 1 of the '980 Patent recites "A system for displaying location based content on a digital map displayed on a mobile device."  '980 Patent, cl. 1.  The system of claim 1 comprises both hardware and software for performing or configured to perform certain functionalities:

(a) a memory of a mobile device storing a first non-browser application;

(b) a processor of the mobile device executing the first non-browser application;

(c) a touch screen of the mobile device displaying a user interface of the first non-browser application;

(d) a GPS device of the mobile device determining a location of the mobile device, and

(e) a mapping component of the first non-browser application configured to communicate with an online mapping service to download map data and display a map within the user interface of the first non-browser application, and

(f) wherein the mapping component transmits a query including the location of the mobile device to the online mapping service, and

(g) wherein the map data is based on the location of the mobile device;

(h) wherein the memory stores a second non-browser application that is a mapping application, and

(i) wherein the mapping component invokes the mapping application and directs the mapping application to transmit a query including the location of the mobile device and a destination location to the online mapping service to obtain driving directions from the location of the mobile device to the destination location, and

(j) wherein the driving directions are displayed in a map displayed by the mapping application on the touch screen.

*Id.*

46. Likewise, the '145 Patent claims a system that requires memory of a mobile device. For example, claim 1 recites "A system for displaying location-based content on a digital map displayed on a mobile device." '145 Patent, cl. 1. The system of claim 1 comprises both hardware and software for performing or configured to perform certain functionalities:

(a) a memory of a mobile device storing a first non-browser application and a second non-browser application;

(b) a processor of the mobile device executing the first non-browser application;

(c) a touch screen of the mobile device displaying a first user interface of the first non-browser application, wherein the first user interface displays a first map, an

icon corresponding to a location on the first map and a text associated with the icon;

(d)      a GPS device of the mobile device determining a location of the mobile device; and

(e)      a mapping component of the first non-browser application configured to communicate with an online mapping service,

(f)      wherein upon receiving a touch of the touch screen corresponding to the text, the mapping component transmits a query including the location of the mobile device and the location of the icon to the online mapping service, and wherein, in response to the query, the touch screen displays in a second user interface of the second non-browser application a second map of the location of the mobile device, the location of the icon and a route between the location of the mobile device and the location of the icon.

*Id.*

47.      Furthermore, the '177 Patent also claims a system that requires both hardware and software of a mobile device.

48.      For example, claim 1 of the '177 Patent recites: "A system for displaying location-based content on a digital map displayed on a mobile device." '177 Patent, cl. 1. The system of claim 1 comprises both hardware and software for performing or configured to perform certain functionalities:

(a)      a storage device of a mobile device storing a first non-browser application and a second non-browser application;

(b)      a processor of the mobile device executing the first non-browser application and the second non-browser application;

(c)      a user interface of the first non-browser application configured for the mobile device;

(d)      a mapping component of the first non-browser application configured to invoke the second non-browser application on the mobile device when map-able content displayed on the user interface is activated to display a map of the map-able content, wherein the second non-browser application is a mapping application, wherein the mapping component transmits the map-able content to an online mapping service configured to communicate with the second non-browser application.

*Id.*

17

49.     The Smoothie King Mobile Application is software, not the claimed system nor can it be because the Smoothie King Mobile Application does not include at least the required hardware of the mobile device required by the claims of the Asserted Patents.

50.     In the Complaint, Nearby alleges that the Smoothie King Mobile Application is the "first non-browser application" element recited in the claims of the Asserted Patents thereby tacitly admitting that Smoothie King does not combine all the elements of the claims as one must do for infringement of a system claim.  Here, the claims of the Asserted Patents require at least three actors: a mobile device provider, an online mapping service provider, and a party that puts the claimed system into service.  Smoothie King is none of these actors.

51.     Upon information and belief, Nearby was aware of prior art that renders the Asserted Patents invalid prior to asserting this action against Smoothie King.  For example, U.S. Patent No. 9,532,164 is material prior art to the Asserted Patents rendering the claims invalid.  Upon information and belief, despite having this knowledge, Nearby asserted invalid patents against Smoothie King to expand the temporal and physical scope of its patent rights.

52.     Nearby simply has no good faith factual or legal basis to support its infringement claims.  Upon information and belief, Nearby has brought this action with the intent and purpose to exceed the temporal and/or physical scope of its patent rights beyond its statutory limits, which conduct is contrary to public policy and/or has an anticompetitive effect.

53.     Upon information and belief, Nearby's goal of this objectively baseless action is not to win a favorable judgment, but to implement an illegal restraint of trade or force an abusive settlement payment to avoid a nuisance litigation.

54.     Nearby committed patent misuse in connection with asserting the '164, '980, '145, and '177 Patents against Smoothie King while knowing that Smoothie King does not infringe the

Asserted Patents directly, contributorily, or by inducement pursuant to 35 U.S.C. § 271 and by asserting knowingly invalid patents against Smoothie King.

**JURY DEMAND**

55.     Smoothie King demands a jury trial on all triable issues in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Smoothie King prays that the Court:

A.     Deny all Nearby's claims;

B.     Dismiss Nearby's Complaint with prejudice and order that Nearby is entitled to no recovery or injunctive relief.

C.     Declare that Smoothie King does not infringe any claim of the '164 Patent;

D.     Declare that Smoothie King does not infringe any claim of the '980 Patent;

E.     Declare that Smoothie King does not infringe any claim of the '145 Patent;

F.     Declare that Smoothie King does not infringe any claim of the '177 Patent;

F.     Declare that each and every claim of the '164 Patent is invalid;

G.     Declare that each and every claim of the '980 Patent is invalid;

H.     Declare that each and every claim of the '145 Patent is invalid;

I.     Declare that each and every claim of the '177 Patent is invalid;

J.     Award Smoothie King fees, costs, and other expenses to defend against Nearby's claims; and

K. Award Smoothie King such further and additional relief that this Court deems just and proper.

Dated: May 2, 2025                                  Respectfully submitted,

                                    */s/ Daniel T. Shvodian*
                                    _____
                                    M. Craig Tyler, Bar No. 00794762
                                    CTyler@perkinscoie.com
                                    Helena E.D. Burns
                                    Texas State Bar No. 24143961
                                    HBurns@perkinscoie.com
                                    PERKINS COIE LLP
                                    405 Colorado Street, Suite 1700
                                    Austin, Texas 78701
                                    Telephone: 737.256.6113
                                    Facsimile: 737.256.6300

                                    Daniel T. Shvodian CA SBN 184576
                                    DShvodian@perkinscoie.com
                                    **PERKINS COIE LLP**
                                    3150 Porter Drive
                                    Palo Alto, CA 94304-1212
                                    Telephone: 650.838.4300
                                    Facsimile: 650.838.4350

                                    Attorneys for Defendant
                                    Smoothie King Franchises, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served May 2, 2025 to all counsel of record, via the Court's CM/ECF system.

_/s/ Daniel T. Shvodian_
Daniel T. Shvodian